COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS





ANTHONY YARBROUGH,

                                    Appellant,

v.

THE STATE OF TEXAS,

                                    Appellee. 

§
 
§
 
§
 
§
 
§

§


No. 08-07-00290-CR

Appeal from
 Criminal District Court No. 2

of Dallas County, Texas

(TC # F-0555118-I)



 

 

 




O P I N I O N

            Anthony Yarbrough appeals his conviction of possession of more than four ounces but less
than five pounds of marihuana. Appellant waived his right to a jury trial and entered a negotiated
plea of guilty. The trial court found Appellant guilty and assessed his punishment, in accordance
with the plea bargain, at imprisonment in the state jail for a term of one year. We affirm.
FACTUAL SUMMARY
            Appellant filed a pretrial motion to suppress evidence alleging that the search of the residence
was unlawful because it was conducted without a warrant or probable cause. Two hearings were
conducted on the motion to suppress. Evidence admitted at the hearings showed that on July 23,
2005, Dallas police officers were conducting knock-and-talk operations on five to ten houses in
response to drug complaints that had been received by the police department. Detective Willie Ford,
a narcotics detective with the Dallas Police Department, and several other uniformed officers went
to one of the subject houses located at the corner of Rutz and Dennison. Ford saw that a car in the
driveway was running but there was no one in it. Ford went to the side door of the residence because
he knew from prior surveillance that people used the side door to enter the house. When Ford
knocked on the door, it opened three or four inches. Ford did not turn the doorknob or push open
the door. He could see into the house through the opening and observed three or four people sitting
on a couch. He also saw a gun on the couch. On a table, Ford saw money, plastic baggies which
appeared to contain marihuana, and a white rock substance.


 Appellant and the other people seated
on the couch were counting money. When the people saw Ford, they ran. Having seen the gun and
the people running, Ford became concerned for his safety and the possibility that evidence would
be destroyed. Ford and the other officers with him then entered the house and secured the suspects
and evidence. 
            The State also introduced evidence that Appellant was on probation. On August 31, 2003,
he had informed the community supervision department that his residence was 437 Long Shadow
Lane, Mesquite, Texas. A probationer is required to notify the community supervision department
of his current residence. Appellant had not notified the department of any change of address. Nikita
Jackson testified for the defense in an effort to show Appellant had standing to challenge the search
of the residence on Rutz Street. Jackson had gone to the house on Rutz Street in December 2004
to have sex with Appellant. Jackson did not return to the house after that date because Appellant
would go to her house instead. Appellant testified that an old man named Mr. Willie let them hang
out at the house on Rutz. Appellant said he was not “stable” at one point, so Mr. Willie gave him
permission to stay at the house. Appellant stayed at the house for two weeks but he did not specify
when that two week period occurred. The house was a place he could hang out with his friends and
take women to have sex. Mr. Willie also gave him permission to leave his pit bull in the yard since
the entire yard was fenced. Appellant did not have a key. 
            At the conclusion of both hearings, the State argued that Appellant lacked standing to contest
the search of the residence. It also maintained that the search was not unlawful because the officer
saw the marihuana in plain view. The trial court denied the motion to suppress, finding that: police
officers were conducting a knock-and-talk operation; the door opened when Detective Ford knocked
on it; and he saw what he believed to be marihuana in plain view. Appellant subsequently entered
a negotiated plea of guilty and the trial court certified that Appellant had a right to appeal the pre-trial ruling on the motion to suppress. On appeal, Appellant challenges the denial of his motion to
suppress evidence seized as a result of the police officers entry into the house.
STANDING
            The State argues, as it did in the trial court, that Appellant lacked standing to contest the
search of the residence. Appellant has standing to contest the search only if he had a reasonable
personal expectation of privacy in the area or item searched. Kothe v. State, 152 S.W.3d 54, 59
(Tex.Crim.App. 2004), citing Rakas v. Illinois, 439 U.S. 128, 139, 99 S.Ct. 421, 433, 58 L.Ed.2d 387
(1978)(noting that issue of standing involves two inquiries: first, whether defendant has alleged an
“injury in fact”; and second, “whether the proponent is asserting his own legal rights and interests
rather than basing his claim for relief upon the rights of third parties”). Proof of “a reasonable
expectation of privacy” is at the forefront of all Fourth Amendment claims. Id. Any defendant
seeking to suppress evidence obtained in violation of the Fourth Amendment must first show that
he personally had a reasonable expectation of privacy that the government invaded. Id. He has no
standing to complain about the invasion of someone else’s personal rights. Id. Only after a
defendant has established his standing to complain may a court consider whether he has suffered a
substantive Fourth Amendment violation. Id. Although we defer to the trial court’s factual findings
and view them in the light most favorable to the prevailing party, we review the legal issue of
standing de novo. Id.
            To have standing, or a reasonable expectation of privacy, a defendant must show that: (1) he
had an actual, subjective expectation of privacy, exhibited by measures taken to protect the privacy
of the property in question; and (2) the subjective expectation of privacy is one that society is
prepared to recognize as reasonable. Smith v. Maryland, 442 U.S. 735, 740, 99 S.Ct. 2577, 61
L.Ed.2d 220 (1979); Villarreal v. State, 935 S.W.2d 134, 138 (Tex.Crim.App. 1996). The following
factors are relevant to a court’s determination of whether the accused’s subjective expectation was
one that society was prepared to recognize as objectively reasonable: (1) whether the accused had
a property or possessory interest in the place invaded; (2) whether he was legitimately in the place
invaded; (3) whether he had complete dominion or control and the right to exclude others; (4)
whether, before the intrusion, he took normal precautions customarily taken by those seeking
privacy; (5) whether he put the place to some private use; and (6) whether his claim of privacy is
consistent with historical notions of privacy. Villarreal, 935 S.W.2d at 138.
            There is some evidence in the record that Appellant had a subjective expectation of privacy
in the Rutz house. Appellant obtained Mr. Willie’s permission to leave his pregnant pit bull there
because the entire yard was fenced and it would prevent anyone from stealing the puppies. Further,
Appellant sometimes took women to the residence in order to have sex with them. But the evidence
does not support a conclusion that Appellant’s subjective expectation of privacy is one that society
is prepared to recognize as reasonable. There is no evidence that Appellant had a property or
possessory interest in the house. Although Appellant had Mr. Willie’s permission to use the
residence, he did not have a key and had to rely on someone else being at the residence to gain entry. 
There is also no evidence Appellant had dominion or control of the residence or the right to exclude
others. Appellant had used the residence for private purposes in the past, such as hanging out with
the guys, playing video games, and having sex with women. There is also evidence he had lived in
the residence for a two-week period at an unspecified time, but it does not show he was living at the
house at the time of the search or that he even intended to be an overnight guest. To the contrary,
Appellant testified at his guilty plea that he was at the residence for the purpose of buying marihuana. 
It was his car that was parked in the driveway and still running when the officers arrived. Further,
Appellant admitted that the house did not have any running water. Under these facts, we conclude
that Appellant’s subjective expectation of privacy is not one that society is prepared to recognize as
reasonable. See Villarreal, 935 S.W.2d at 139 (non-overnight guest’s subjective expectation of
privacy in home was not one that society was willing to sanction as objectively reasonable, and thus
guest did not have standing to challenge search of home; guest was in home earlier in evening to
arrange business transaction, left residence, and returned shortly after midnight, rushing into
residence to avoid arrest; defendant guest had no property or possessory interest in residence, nor
was there any evidence that guest had dominion or control over residence, or right to exclude others). 
Because Appellant does not have standing to challenge the legality of the search, we overrule his sole
point of error. The judgment of the trial court is affirmed. 

January 6, 2010                                                           
                                                                                    ANN CRAWFORD McCLURE, Justice
Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)